Dear Mayor Mayo and Mr. Mitchell:
You have each requested an Attorney General's opinion regarding holiday pay for firefighters. Your opinion requests are based upon a Compliance Audit the Legislative Auditor released on October 17, 2007 regarding the City of Monroe's fire department. The Legislative Auditor questions the legality of the "Holiday Pay" provisions contained in the collective bargaining agreement between the City and the International Association of Firefighters. It is our understanding that the Legislative Auditor feels the payments made under this provision may violate La.R.S. 33:1999
and Article VII, Section 14 of the Louisiana Constitution of 1974. The Ouachita Parish Police Jury's labor contract with the union that represents the employees of the Ouachita Parish Fire Department has a similar Holiday Pay provision.
The two questions we have been asked are:
 1. May the provisions of La.R.S. 33:1999 be waived?
 2. Does the payment of Holiday Pay as provided for in the City and Police Jury's agreements violate Article VII, Section 14?
With regard to the first question, R.S. 33:1999 provides:
 A. Firefighters in municipalities, parishes, and fire protection districts who are required to work on holidays as provided for in Subsection B of this Section shall receive in addition to the compensation to which such *Page 2 
Section shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.
 B. Firefighters in municipalities, parishes, and fire protection districts shall be entitled to not less than ten holidays per year. Such holidays shall be named by the governing authority of the municipality, parish, or fire protection district pursuant to their established holiday policy.
You ask whether this statute, which provides for additional pay for firefighters who are required to work on holidays, can be waived.
Legislation is a solemn expression of legislative will. La.C.C. art. 2. As such, a statute may not be ignored. Thus, it is unclear how statutes can be "waived" or what it means for one to "waive" a statute. Of course, the very provisions of a statute may render it permissive rather than mandatory; or, a statute may provide for exceptions or other limitations on its applicability. However, where the Legislature itself does not provide for optional or restricted application of a statute, we fail to see how a statute could be waived.[1] The facts, as described in your opinion request, suggest that a firefighter who is required to work on holidays does receive additional compensation. Under these facts, there appears to be no waiver of the benefits of additional pay established in the firefighters' favor in La.R.S. 33:1999. We therefore find it unnecessary to address the issue of whether a statute (La.R.S.33:1999 in this case) may be waived.
As for your second question, the Holiday Pay provisions in the agreements between the Police Jury and the International Association of Firefighters provides in pertinent part:
 XIX HOLIDAY PAY Section 1. In lieu of the holiday pay required by law (LSA.R.S. 33:1999) as of January 1, 1985, each fire fighter who shall sign a written waiver regarding the holiday pay required by law shall be paid in addition to his regular salary, including State pay, a sum equal to one hundred and thirty-two (132) hours of pay computed at one time his hourly rate of pay, to be *Page 3 
paid on or before November 1st of each year during the term of this agreement.
 Section 2. Each Fire Communication Officer, with the exception of the Chief Fire Communications Officer, who shall sign a written waiver regarding the holiday pay required by law shall be paid in addition to his regular salary, including State pay, a sum equal to one hundred and eight (108) hours of pay computed at one times his hourly rate of pay, to be paid on or before November 1st of each year during the term of this agreement.
 Section 3. The Chief Fire Communications Officer and all other full time employees shall be paid in addition to his/her regular salary, including State pay, a sum equal to ninety-six (96) hours of pay computed at one times his/her hourly rate of pay, to be paid on or before November 1st of each year during the term of this agreement.
 Section 4. Each full time employee who does not work the entire calendar year, exclusive of paid vacation time, on sick leave, military leave or union business, shall have such holiday pay reduced proportionately to the time not worked.
Similarly, the Agreement between the City and the International Association of Firefighters provides, in pertinent part:
 ARTICLE XII — HOLIDAY PAY Section 1: In lieu of the holiday pay required by law (LSA R.S. 33:1999) as of January 1, 1988, each fire fighter who shall sign a written waiver regarding the holiday pay required by law shall be paid in addition to his regular salary, including State pay, a sum equal to one hundred and twenty (120) hours of pay computed at one times his hourly rate of pay, to be paid on or before November 1st of each year during the term of this agreement, in a regular payroll check, subject to IRS regulations. Pay of fire fighters who have served in temporary promotional positions during the year will be computed to provide that the employee receives pro-rated holiday compensation for the time served in a higher class. Any fire fighter who does not work the entire calendar year, exclusive of paid vacation time, on sick leave, military leave or union business, shall have such holiday pay reduced proportionately to the time not worked. *Page 4 
 Section 2: Each Fire Communication Officer who shall sign a written wavier regarding the holiday pay required by law shall be paid in addition to his regular salary, including State pay, a sum equal to eighty-four (84) hours of pay computed at one times his hourly rate of pay, to be paid on or before November 1st of each year during the term of this agreement, in a regular payroll check, subject to IRS regulations. Pay of Fire Communication Officers who have served in temporary promotional positions during the year will be computed to provide that the employee receives pro-rated holiday compensation for the time serviced in a higher class. Any Fire Communication Officer who does not work the entire calendar year, exclusive of paid vacation time, on sick leave, military leave or union business, shall have such holiday pay reduced proportionately to the time not worked.
 Section 3: All employees, but excluding fire fighter and fire communication officers, who do not receive holiday pay, will receive as holidays his or her birthday, New Year's day, Memorial Day, July 4th, Labor Day, Thanksgiving, Christmas, Martin Luther King Day and any two (2) additional City declared holidays whether worked or not."
The Legislative Auditor's concern seems to be that firefighters are being paid additional compensation, in the form of "holiday pay", for work not actually performed (i.e. holidays not actually worked). For this reason, the Legislative Auditor feels that payment of holiday pay under these provisions is a violation of Article VII, Section 14 of the Louisiana Constitution, which provides in relevant part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Art. VII, Sec. 14 clearly prohibits the donation of public funds. The Louisiana Supreme Court has recently announced a new standard for determining whether Art. VII, Sec. 14 is violated. In Board of Directorsof the Industrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City of Gonzales,938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the "Cabela's" case) the Court found that "(Art VII) § 14(A) is violated when public funds or property are gratuitously alienated." *Page 5 
It is the opinion of our office that in order for an expenditure or transfer of public funds or property to comply with Art. VII, Sec. 14(A), the public entity must show:
 1. A public purpose for the expenditure or transfer;
 2. That the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and
 3. Evidence demonstrating that the public entity has a reasonable expectation of receiving a benefit or value at least equivalent to the amount expended or transferred.
In accord is Attorney General Opinion No. 07-0134.
The Holiday Pay provisions, and the holiday pay to which the firefighters are entitled to thereunder, are a collectively bargained for benefit. The "holiday pay" is part of the overall compensation paid to firefighters as part of their earned compensation pursuant to the reciprocal contractual obligations under the respective agreements. Therefore, there is a public purpose for the payments, and it appears that both the Police Jury and the City are getting equivalent value in the form of fire protection throughout the year.
We must next examine the agreements and the payments made thereunder as a whole. At first glance it may appear that firefighters could be paid for work not performed, but we do not believe this to be the case. A close look at the holiday pay provisions shows that the holiday pay is not actually tied to any particular holiday, or work performed on a holiday. In fact, the payments are based upon the portion of the calendar year a firefighter works, not the number of holidays worked or the number of holidays which fell in the portion of the calendar year the firefighter worked. This lump sum pay is simply a part of the annual compensation paid, and is calculated on the portion of the calendar year a firefighter is employed. As such, it does not appear that the firefighters are being paid for work not performed, and the payments do not appear to be gratuitous.
We note that La.R.S. 33:1999 is one of the provisions of Subpart B of Chapter 4 of Title 33. Subpart B governs "Minimum Wages and Maximum Hours." As such, the provisions of Subpart B, including La.R.S. 33:1999
only establish minimum pay standards for firefighters and do not serve as a cap on the salaries paid to them. Therefore, as long as the Holiday Pay provisions are not an unconstitutional donation, La.R.S. 33:1999
does not by itself prohibit any additional payment.
Based on the foregoing, it is the opinion of our office that the holiday pay paid to firefighters under the above provisions does not violate Article VII, Section 14 of the Louisiana Constitution. *Page 6 
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General CCF, JR/KLR, III/crt
[1] We are aware of case law stating that contracting parties may waive benefits that laws establish in their favor. See Gray v. McCormick, 94-1282 (La.App. 3 Cir. 10/18/95), 663 So.2d 480, 484 and Ad-Med v. BruceIteld, M.D., 1998-1414 (La.App. 4 Cir. 2/3/99), 728 So.2d 556. However, those cases did not address public funds, nor did they state or even suggest that statutes can be "waived."